IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Respondent, | No. CR S-05-0323 GEB DAD P | |
| vs. | | |
| JORGE RESENDEZ-SANCHEZ, | | |
| Movant. | FINDINGS AND RECOMMENDATIONS | |

Movant has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Movant claims that he received ineffective assistance from his trial counsel. Respondent has filed a motion to dismiss, arguing that movant's claim is barred by the applicable statute of limitations. Upon careful consideration of the record and the applicable law, the court will recommend that respondent's motion to dismiss be granted and that movant's § 2255 motion be dismissed as untimely.

**PROCEDURAL HISTORY**

On August 11, 2005, a federal grand jury indicted movant on a violation of 8 U.S.C. § 1326, alleging that he illegally re-entered the United States following his deportation and that his deportation was subsequent to him having suffered a conviction for commission of an aggravated felony. (Doc. No. 1.) On August 29, 2005, movant was arraigned on the

indictment, counsel was appointed and movant entered a plea of not guilty. (Doc. No. 7.)

On November 4, 2005, movant withdrew his plea of not guilty and entered a new plea of guilty pursuant to a plea agreement. (Doc. Nos. 16-17.) On that same day the court entered a judgment consistent with the plea agreement of the parties, and movant was sentenced to the custody of the U.S. Bureau of Prisons for a 46-month term of imprisonment. (Doc. No. 18.)

On August 21, 2007, movant on his own behalf filed a § 2255 motion with this court to vacate, set aside, or correct his sentence. (Doc. No. 22 (hereinafter "Motion").) Respondent filed a motion to dismiss on December 28, 2007. (Doc. No. 33.) Petitioner filed a traverse on January 14, 2008. (Doc. No. 34 (herein after "Traverse").)

## MOVANT'S CLAIMS

Movant seeks relief alleging that he received ineffective assistance from his trial counsel. In this regard, he argues that his counsel "consistently assured" him that he would only receive a 24-month sentence. (Motion at 13, 15.)[1] Movant asserts that "the plea was not only involuntary, but also, the product of coercion on the part of defense counsel, with specific respect as to the consequences of the plea." (Id. at 17.) Movant also asserts that at the time of his deportation he was wheelchair bound due to an injury that occurred while in federal custody. (Id.) According to movant, federal authorities advised him that he "was entitled to medical treatment by Federal officials." (Id.) Movant therefore argues that he did not "knowingly and intentionally reenter the United States illegally" after his deportation, but did so only to seek the medical treatment that he believed he was entitled to. (Id. at 17, 21.) Movant also argues that he did not plead guilty to the "enhancement" of his sentence based on his prior conviction for domestic violence, nor was that allegation submitted to a jury for decision as required. (Id. at 20.)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

**RESPONDENT'S MOTION TO DISMISS**

Respondent argues that the pending motion should be dismissed because movant failed to file his motion within one year from the entry of final judgment as required under 28 U.S.C. § 2255. The statute of limitations set forth in 28 U.S.C. § 2255(f) provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant's conviction became final on December 11, 2005, ten days after the entry of judgment on December 1, 2005.[2] United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) ("Thus, as to Schwartz, and except for the grace period of the AEDPA, the statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal.") The one-year limitations period for seeking relief pursuant to 28 U.S.C. § 2255 in this case therefore expired on December 11, 2006. Movant did not file his § 2255 motion until August, 21, 2007, more than eight months too late. Pursuant to the limitations period set forth in 28 U.S.C. § 2255(f), the motion pending before this court is time-barred.

---

[2] Although petitioner was sentenced on November 4, 2005, the Judgment was not signed by the sentencing judge and filed until December 1, 2005.

3

In his traverse movant argues that he is entitled to "some form of reinstatement" because he "was subjected to deliberate violations of [his] well-settled and clearly established constitutional rights" and therefore "there should be some methodology by which [he] can obtain redress." (Traverse at 4.) The court will interpret this argument by movant as seeking the equitable tolling of the one-year statute of limitations.

The United States Supreme Court has recently confirmed that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, ___, 2010 WL 2346549, at * 9 (June 14, 2010). See also United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (determining that the statute of limitations contained in § 2255 is subject to equitable tolling). However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 2010 WL 2346549, at * 12 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).[3] See also Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Moreover, the petitioner bears the burden of demonstrating the existence of grounds for equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998). See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002)

---

[3] "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Holland v. Florida, ___ U.S. ___, ___, 2010 WL 2346549, at * 14 (June 14, 2010) (citations omitted).

(describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling). To this end, "the circumstances of a case must be "extraordinary" before equitable tolling can be applied[.]" Holland, 2010 WL 2346549, at * 13. Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). See also Holland, 2010 WL 2346549, at *14 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail")

Here, none of the considerations offered by movant in his traverse demonstrate that "extraordinary circumstances" beyond his control made it impossible for him to file a timely § 2255 motion. Therein, movant asserts that he "specifically requested" that his trial counsel file an appeal, but that counsel said "there was 'nothing to appeal.' " (Traverse at 1-2.) Movant states that he nevertheless "insisted" that his counsel file an appeal. (Id. at 2.) He claims that when he "heard nothing from defense counsel for a lengthy period of time" he wrote to his counsel, inquiring about the status of his appeal but received no response. (Id.) Movant then "turned to fellow prisoners, who apprised [him that] he could submit" a § 2255 motion. (Id.) According to petitioner, he "assumed, from what he was told by these fellow prisoners, that the time for submitting the direct appeal, then for review by the Supreme Court, would count toward the time [movant] had to submit" his motion. (Id.) Based on these circumstances, movant contends that he is entitled to have his motion "heard out of time." (Id. at 3.) He cites 28 U.S.C. § 2255(f)(2), which states that the limitation period shall run from "the date on which the impediment to making the motion created by governmental action . . . is removed." Movant argues that although "defense counsel is not technically a 'government official,' defense counsel nonetheless constituted a significant burden and/or obstacle," presumably to his filing of his motion seeking relief. (Traverse at 3.)

/////

"Garden variety" claims of excusable neglect such as a "miscalculation" that leads to one missing a filing deadline do not warrant equitable tolling. Holland, 2010 WL 2346549, at * 13 (quoting Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990) and Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Likewise, ignorance or lack of knowledge of the legal system is not an extraordinary circumstance that would warrant equitable tolling in any event. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 n4 (9th Cir. 2009) (while pro se status is relevant, a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling");Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"); Sperling v. White, 30 F. Supp.2d 1246, 1254 (C. D. Cal. 1998) (a lack of knowledge of the law is not an "extraordinary circumstance" beyond the petitioner's control sufficient to entitle a petitioner to equitable tolling of the limitations period).

Unprofessional attorney conduct may prove egregious and can be an extraordinary circumstance justifying equitable tolling of the AEDPA statute of limitations. Holland, 2010 WL 2346549, at * 13-14 (where attorney failed to file a federal habeas petition on time despite petitioner's letters emphasizing the importance of doing so, did not conduct the necessary research to determine the proper filing date despite petitioner's letters identifying the applicable legal rules, failed to inform petitioner of the crucial fact that the state Supreme Court had decided his case despite petitioner's pleas for that information and failed to communicate with his client for a period of years despite petitioner's pleas that he respond to his letters, extraordinary circumstances may exist); Spitsyn, 345 F.3d at 800-02 (finding that "extraordinary circumstances" may warrant equitable tolling where an attorney's egregious misconduct in denying client access to his files, failing to prepare a petition and not responding to the client's

communications prevented a timely filing).  Here, however, movant's complaint that his trial court counsel's actions prevented him from timely seeking relief under § 2255 are belied by the record and movant's own arguments.

The record reflects that movant wrote this court on December 7, 2006, just days prior to the expiration of the limitations period for seeking relief under 28 U.S.C. § 2255, stating that he "would like to request that his counsel of record be dismissed" and that he "does not know the counsel of record's name, address, and/or phone number." (Doc. No. 21.)  In that letter movant acknowledged that he was at that time "in the process of filing his § 2255 motion to vacate, set-aside, and/or correct [his] sentence." (Id. at 2.)[4]  Taking movant's correspondence with this court on its face, while he may have at some later time obtained his counsel's contact information and written to counsel inquiring about the status of his appeal, that apparently did not occur until at least sometime at or after the time the one-year limitation period expired. Given this time-lime and movant's vague allegations regarding his counsel's conduct, he has failed to establish that any action by his trial counsel prevented him from filing a timely motion seeking relief pursuant to § 2255.  See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney "negligence in general" is not sufficient to warrant equitable tolling).  Nor can it be said that movant has established that he pursued his rights diligently and that some extraordinary circumstance stood in his way of timely filing his motion.  Movant is therefore not entitled to equitable tolling of the applicable statute of limitations on this basis.

Finally, movant argues that "by virtue of English being a second language," he was unable to determine that his trial counsel was not going to file a direct appeal and that the time for filing his § 2255 motion was running out. (Traverse at 4.)  The Ninth Circuit has held that extraordinary circumstances justifying equitable tolling of the AEDPA statute of limitations may exist where the prison library was inadequate, Whalem/Hunt v. Early, 233 F.3d 1146, 1148

---

[4] The court notes that movant did state his trial counsel's name and address in his § 2255 motion eventually filed with this court. (Motion at 5.)

7

(9th Cir. 2000), and where Spanish-language legal textbooks were not available to a Spanish-speaking prisoner. Mendoza v. Carey, 449 F.3d 1065, 1071 (9th Cir. 2006).

However, "a non-English-speaking [movant] seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Id. at 1070. Thus, a movant "who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief. (Id.)

Here, movant has not alleged that he did not have access to materials written in his native language or that he was unable to locate a translator to help him file his motion.[5] Indeed, movant asserts that at some point he "turned to fellow prisoners, who apprised [him] he could submit" a § 2255 motion. (Traverse at 2.) Moreover, movant does not assert that he lacked any proficiency in English, but states only that English is his second language. Movant has not demonstrated that during the running of the statute of limitations he was unable, despite diligent efforts, to procure either legal materials in his native language or translation assistance from an inmate, library personnel, or other source. Therefore, movant has not demonstrated that extraordinary circumstances beyond his control prevented him from filing his motion in a timely fashion and is not entitled to equitable tolling of the applicable statute of limitations.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 28, 2007 motion to dismiss (Doc. No. 33) be granted; and

2. Movant's August 21, 2007 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 22) be denied.

---

[5] Movant's traverse appears to have been prepared by an "inmate legal assistant." (Traverse at 4.)

8

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 17, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
resendezsanchez323.2255